Estate of James S. Wahl, by Sharon J. Pate, Coexecutor and Devisee v. Commissioner.
Estate of Wahl v. Commissioner
Docket No. 2732.
United States Tax Court
1944 Tax Ct. Memo LEXIS 147; 3 T.C.M. (CCH) 835; T.C.M. (RIA) 44268; August 7, 1944
*147 Sharon J. Pate, for the petitioner. James J. Waters, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $1,080.19. The petition alleges that the respondent erred in his determination of the deficiency by including in the gross estate (1) Lots 1, 2, 8, and 9 in Block 10, Ward's First Addition to the City of Caruthersville, Missouri, which he valued at $17,666.66, and (2) two promissory notes (items 2 and 3 of the deficiency notice) in the aggregate amount, including interest, at a value of $971.95. The petitioner by a motion to conform to the pleadings to the proof, which was granted at the hearing, claims that the respondent erred in not allowing as a deduction from the gross estate $1,263.95 as an allowance for the support of the widow. On brief the respondent concedes that he erred in including in the gross estate the $971.95 representing the value of the two notes above referred to, since the proof shows that they were worthless at the date of the death of the decedent. The evidence further shows that in the estate tax return, filed petitioner claimed the following deductions: *148 Allowance for support of widow
$2,000
Statutory allowance as absolute prop-
erty of widow
400
Household furniture to widow
500
Total
$2,900
The deficiency notice shows that the respondent allowed the deduction from the gross estate of $1,263.95 for the support of the widow, which is all that the petitioner contends was paid for that purpose. Since the respondent has given the petitioner the benefit of the deduction claimed, the point seems settled. This leaves for the decision of the Tax Court only the question as to the correctness of the respondent's inclusion of the value of the above referred to real estate in the gross estate. [The Facts] Decedent died on February 17, 1940, a resident of Caruthersville, Missouri. His estate tax return was filed with the collector of internal revenue for the first district of Missouri at St. Louis. Decedent was 75 years of age at the date of his death. He was twice married. The first Mrs. Wahl died on September 27, 1928. She was an aunt of Sharon J. Pate, the coexecutor and devisee herein, for whom she and decedent formed a strong attachment. Decedent furnished the money for Pate's education. He was graduated from Washington *149 University Law School of St. Louis. Decedent and the first Mrs. Wahl were signatories to a joint will by which each devised and bequeathed to the survivor all property, real, personal or mixed, of which he or she might die possessed. The will also provided that the survivor would give to Pate Lots 1, 2, 7, 8, and 9, Block 10, of Ward's First Addition to the City of Caruthersville, Missouri. The will was filed for record with the clerk of the Probate Court of Pemiscot County, Missouri. In December, 1929, decedent contemplated a second marriage. He was advised that if he married without carrying out the provisions of the joint will above referred to he would be unable to do so. To overcome such difficulty he executed a deed of warranty, dated December 17, 1929, to Pate and Dorothy Lee Pate, his wife, for the properties described as Lots 1, 2, 7, 8, and 9, Block 10, of Ward's First Addition to the City of Caruthersville, Missouri. The consideration for the transfer was stated as "Ten Dollars and Love and Affection" and the deed contained the following reservation: "It is hereby agreed between the Grantor and grantees as the part of the consideration of this conveyance that the grantor *150 shall have the right during his life time to the use, rents and profits of the property herein conveyed, except Lot Seven (7)." The reason for excepting Lot 7 was that Pate and his wife were then occupying the premises as a residence. On December 22, 1929, decedent married his second wife, who survived him. On February 26, 1938, decedent executed his last will and testament by which he devised certain real property to Pate and other real property to Anna Vashti Wahl, and provided that: "6th. All the rest, residue and remainder of my estate real and personal and mixed and wherever located I give, devise and bequeath to my beloved wife, Anna Vashti Wahl, my beloved nephew Sharon J. Pate and my beloved niece Dorothy Pate Edwards share and share alike." In his determination of the deficiency the respondent did not include in decedent's gross estate Lots 7 referred to above, but did include Lots 1, 2, 8, and 9, at a valuation of $17,666.66. Petitioner does not contest the valuation determined by the respondent but contends that no amount whatever should be included in the gross estate in respect of those lots. The respondent contends that the value of the real estate in question *151 ($17,666.66) is includible in the gross estate under section 811 of the Internal Revenue Code, which provides, in so far as material, as follows: SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States - * * * * *
(c) Transfers in Contemplation of, or Taking Effect at Death. - To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except *152 in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * * In United States v. Wells, 283 U.S. 102, 75 L. Ed. 867, 51 S. Ct. 446, it was said: * * * The statutory description [transfers in contemplation of death] embraces gifts inter vivos, despite the fact that they are fully executed, are irrevocable and indefeasible. The quality which brings the transfer within the statute is indicated by the context and manifest purpose. Transfers in contemplation of death are included within the same category, for the purpose of taxation, with transfers intended to take effect at or after the death of the transferor. The dominant purpose is to reach substitutes for testamentary dispositions and thus to prevent the evasion of the estate tax. * * * As the transfer may otherwise have all the indicia of a valid gift inter vivos, the differentiating factor must be found in the transferor's motive. Death must be "contemplated," that is, the motive which induces the transfer must be of the sort which leads to testamentary disposition. * * * The record does not contain a copy of the joint will executed by the first Mrs. Wahl and James S. Wahl prior *153 to the first Mrs. Wahl's death on September 27, 1928. With respect thereto, Sharon J. Pate, the only witness for the petitioner, testified: And they [the first Mrs. Wahl and James S. Wahl] had a will, wherein she willed everything to him, and he everything to her. And that will provides that the survivor would give the block that's involved [herein] to me. That will is a matter of record in the probate records of Pemiscot County, Mo., today. * * * On cross-examination Pate testified: * * * the transfer [of December 17, 1929], was made in order to keep faith with his first wife due to a joint will they had made prior to her death and in order to keep that promise and keep faith with her even though she be dead. And he, about to marry again, had to convey this property before he married the present Mrs. Wahl or he never could do it. Q. So that it was the intention not only of Mrs. Wahl, the first Mrs. Wahl, but Mr. Wahl that at his death the property should go to you and Mrs. Pate? A. That particular part; yes sir. Q. And that was controlling in his drawing this instrument at that time? A. There isn't any question about that. From the above testimony we think it plain that *154 the decedent deeded the property to Sharon J. Pate on December 17, 1929, to carry out his agreement with his first wife. If the property had passed under the provisions of the joint will after the death of the decedent, unquestionably it would have fallen into the gross estate. The decedent simply anticipated the provisions of the joint will. The transfer was made as a substitute for a testamentary disposition. We think that it was made in contemplation of death within the meaning of the statute. By the transfer of December 17, 1929, James S. Wahl reserved the income from the property to himself for life. The petitioner makes the argument that the situation here is controlled by Hassett v. Welch, 303 U.S. 303, 82 L. Ed. 858, 58 S. Ct. 559, and that it is immaterial that the decedent in deeding the property to Pate reserve the income to himself for life. Section 811 (c), Internal Revenue Code, was not in effect in 1929. The counterpart of that section in effect at that time was section 302 (c) of the Revenue Act of 1926 which required the inclusion in gross income of all property: To the extent of any interest therein of which the decedent has at any time made a transfer, by trust *155 or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * * What was held in Hassett v. Welch, supra, was simply that the amendment was not to be applied retroactively. We do not think, however, that that is material in this proceeding. Decision will be entered under Rule 50.